**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,
**v.**
Neildino S. **Taisacan**,
Defendant/Appellant.
Appeal No. 98-006
Criminal Case No. 97-0049
March 25, 1999

Argued and Submitted October 1, 1998

Counsel for appellant: Kenneth L. Govendo, Saipan.

Counsel for appellee: Aaron Williams, Assistant Attorney General, Saipan.

BEFORE: DEMAPAN, Associate Justice, ONERHEIM and TAYLOR, Justices Pro Tem.

TAYLOR, Justice Pro Tem:

¶17 ■ Appellant/defendant, Neildino S. Taisacan ("Taisacan"), appeals from a post-trial Judgment and Commitment Order sentencing him to life imprisonment for the crime of kidnaping, pursuant to 6 CMC § 1421(c)(2). We have jurisdiction pursuant to Article IV, § 3 of the Commonwealth Constitution. N.M.I. Const. art. IV, § 3 (1997). We reverse and remand with further instructions consistent with this opinion.

### ISSUES PRESENTED AND STANDARD OF REVIEW

¶18 ■ The appellant raises two issues for our review:

I. Whether the Superior Court ("trial court") erred in interpreting 6 CMC § 1421(c)(2) as imposing a mandatory sentence of life imprisonment for the crime of kidnaping. Whether the trial court correctly interpreted and applied a statute is a question of law reviewed de novo. *Commonwealth v. Kaipat*, 2 N.M.I. 322, 327-328 (1991).

II. Whether the imposition of a life imprisonment sentence under the circumstances of this case constitutes cruel and unusual punishment. The standard of review concerning the constitutionality of a statute is a question of law reviewed de novo. *Commonwealth v. Kaipat*, 4 N.M.I. 292, 293 (1995), *aff'd*, 94 F.3d 574 (9th Cir. 1996).

## FACTUAL AND PROCEDURAL BACKGROUND

Taisacan was found guilty of the crime of kidnaping, in violation of 6 CMC § 1421(a) & (b) following a two-day bench trial.[1] On December 24, 1997, the trial court entered its written judgment of conviction and ordered the probation office to prepare a pre-sentence report. The pre-sentence report was timely prepared and on February 23, 1998, Taisacan appeared for sentencing and argued that the recommendation contained in the pre-sentence report which provided for a short jail term and a long probation period be followed.

¶19 The government, on the other hand, argued that the pre-sentence report could not be followed by the trial court because 6 CMC § 1421(c)(2) mandated a sentence of life imprisonment without probation. The trial court continued sentencing to March 2, 1998, and ordered both parties to submit points and authorities on whether the court was required under 6 CMC § 1421(c)(2) to impose a sentence of life imprisonment. On March 2, 1998, after both parties' submission, the trial court sentenced Taisacan to life imprisonment because it stated it must do so according to the statute as written. Upon oral motion of the defense, the sentence was stayed pending this appeal. Taisacan currently remains free on a $15,000 unsecured bond.[2] Taisacan timely filed this appeal.

## ANALYSIS

**I. The trial court erred in determining 6 CMC § 1421(c)(2) imposes a mandatory sentence of life imprisonment for the crime of kidnaping.**

¶20 The crime of kidnaping is punishable by 6 CMC §1421(c), which states in its entirety:

(c) A person convicted under this section may be punished:
(1) By imprisonment for not more than 10 years if the person committing the offense voluntarily releases the victim alive and

uninjured and in a safe place prior to trial; or

(2) In circumstances other than in subsection (c)(1) of this section by life in prison.

¶21 Taisacan argues that the trial court erred in interpreting 6 CMC § 1421(c)(2) as imposing a mandatory sentence of life imprisonment for the crime of kidnaping when the victim is released alive, uninjured, and in a safe place prior to the date of trial. We agree.

¶22 ■ A basic rule of statutory interpretation is that courts must first look at the language of the statute, *Commonwealth Ports Auth. v. Hakubotan Saipan Enter. Inc.*, 2 N.M.I. 212, 221 (1991); and unless the statute provides otherwise, courts should adhere to the general rule that words be given their plain meaning. *Id.* A statute is considered ambiguous when it is capable of more than one meaning. *Bank of Hawaii v. Sablan*, Civ. No. 95-0023 (N.M.I. Super. Ct. May 29, 1997) (slip op. at 3) (internal citations omitted).

¶23 ■ Here, 6 CMC § 1421(c) is not ambiguous. This provision clearly provides the trial court judge with the discretion to impose an appropriate sentence by stating that "A person convicted under this section *may* by punished . . . ." 6 CMC § 1421(c) (emphasis added). The statute does not use mandatory words such as "shall," "will," or "must," but instead uses the discretionary word of "*may*." The "[w]ord '*may*' usually is employed to imply permissive, optional or discretional, and not mandatory action or conduct." BLACK'S LAW DICTIONARY 676 (6th ed. 1991) (emphasis added). Applying the general rule that statutory language be given its plain meaning, we hold that the trial court erred in concluding that it was powerless to impose any other sentence.

¶24 ■ Further, Taisacan states that it was apparent that the trial court judge was desirous of "testing" this sentence in the Supreme Court.[3] This Court has previously stated that it will "not act as a super legislature and strike down a statute or a regulation merely because it could have been better written." *Commonwealth v. Island Amusement Corp.*, 1998 MP 12 ¶10, 5 N.M.I. 178, *citing King v. Bd. Of Elections*, 2 N.M.I. 398, 406 (1991) (internal citations omitted). Because we find that a plain reading of the statute does not produce an ambiguous result, we decline to invalidate a statute simply because it was poorly written.

**II. Whether the imposition of life imprisonment under the circumstances of this case constitutes cruel and unusual punishment.**

¶25 Because we hold that the trial court erred in

---

[1] The trial court also found Taisacan guilty of assault and battery, in violation of 6 CMC § 1202(a), and sentenced him to one year imprisonment to run concurrently with the sentence imposed for his kidnaping conviction. The assault and battery conviction, however, is not an issue in this appeal. *Commonwealth v. Taisacan*, Criminal Case No. 97-0049 (N.M.I. Super. Ct. March 11, 1998) (Post-Trial Judgment and Commitment Order at 1-2) ("Order").

[2] *Commonwealth v. Taisacan*, No. 98-006 (N.M.I. June 5, 1998) (Motion to Calendar the Commonwealth's Motion to Dismiss Appeal for Failure to Prosecute; Declaration of Aaron Williams at 1).

[3] Appellant's Opening Brief at 5.

concluding that 6 CMC § 1421(c)(2) imposes a mandatory sentence of life imprisonment for the crime of kidnaping, we need not address this issue.

## CONCLUSION

¶26    For the foregoing reasons, we hereby **REVERSE** the trial court's Judgment and Commitment Order and **REMAND** this case for further sentencing consistent with this opinion.